UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KATHERINE B.,[1]

        Plaintiff,

    v.                                                                    24-CV-906 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

## DECISION AND ORDER

Plaintiff Katherine B. brought this action under 42 U.S.C. § 1383(c)(3) of the

Social Security Act, seeking review of the decision of the Commissioner of the Social

Security Administration that she was not disabled. Dkt. 1. Plaintiff moved for

judgment on the pleadings. Dkt. 10. The Commissioner responded and cross-

moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 14, 15. For

the reasons that follow, the Court grants Plaintiff's motion in part and denies the

Commissioner's cross motion.

_____

[1] Pursuant to the Western District of New York's November 18, 2020 Standing
Order regarding the naming of plaintiffs in Social Security decisions, this decision
and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Supplemental Security Income ("SSI"), filed on September 14, 2018.[2] Tr. 242–53.[3] Plaintiff's application was initially denied, and she requested a hearing before an administrative law judge ("ALJ"). *Id.* at 89–100, 101–03. Following the hearing, ALJ Laura Olszewski issued a decision finding that Plaintiff was not disabled. *Id.* at 15–28. Plaintiff appealed, and on February 17, 2023, this Court entered an order remanding Plaintiff's case for further administrative proceedings. *Id.* at 1435–49. On June 2, 2023, the Appeals Council entered an order remanding the case to the ALJ. *Id.* at 1408–12.

On May 7, 2024, Plaintiff appeared before ALJ Stephen Cordovani for a hearing. *Id.* at 1339–97. Following that hearing, at which Plaintiff was represented by counsel, ALJ Cordovani issued a decision finding that Plaintiff was not disabled under the Social Security Act. *Id.* at 1153–78. Plaintiff timely sought judicial review in this Court. Dkt. 1.

---

[2] Plaintiff applied for SSI, which "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (citation modified).

[3] The filings at Dkts. 3–6 are the transcript of the proceedings before the Social Security Administration. All references to Dkts. 3–6 are hereby denoted "Tr. __."

## LEGAL STANDARDS

### I.   DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied.  *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).  The Commissioner's factual findings are conclusive when supported by substantial evidence.  *See Biestek v. Berryhill*, 589 U.S. 97, 99 (2019).  "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation modified).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review.  *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).  If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his or her disability determination made according to correct legal principles."  *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.    DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. § 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. *Id.* § 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. *Id.* § 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. *Id.* § 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 416.920(d). If such criteria are met, then the claimant is declared disabled. *Id.* § 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). *Id.* § 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or

4

mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *Id.* § 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. *Id.* § 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. *Id.* § 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. *Id.* § 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her RFC, age, education, and work experience. *Id.* § 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given her RFC, age, education, and work experience. *Id.* §§ 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

<u>DISCUSSION</u>

I.    **THE ALJ'S DECISION**

To begin, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 14, 2018, the date her application was filed. Tr. 1157. The ALJ also found that Plaintiff suffered from the following severe impairments: "obesity; asthma; learning disability/borderline intellectual functioning; right knee complications status post arthroscopy; and right shoulder complications status post arthroscopy." *Id.* The ALJ concluded, however, that

Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 1158–61.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b) with the following limitations:

> [Plaintiff] can lift, carry, push, and pull up to 20 pounds continuously; can sit up to 8 hours; stand up to 3 hours continuously and 4 hours total; can walk up to 3 hours continuously and 4 hours total; can have no overhead reaching with the right arm; can frequently reach, push, and pull with her right arm otherwise; she can frequently utilize foot controls; frequently stoop and crouch; occasionally use ramps and stair[s]; occasionally kneel; cannot use ladders, ropes, or scaffolds; cannot balance as that term is defined in the SCO; cannot crawl; should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants; cannot be exposed to extreme heat, cold, wetness[,] or humidity; cannot work around hazards such as unprotected heights or dangerous moving mechanical parts; cannot tolerate loud noise exposure; can understand, remember[,] and carry out simple instructions and tasks; can maintain [an]    ordinary routine and regular attendance at work for simple unskilled work; can have no supervisory duties and no independent decision-making; can have no strict production quotas as with assembly line work; must have minimal changes in work routine and processes; can occasionally interact[] with supervisors, co-workers[,] and the general public; and cannot perform team or tandem work.

*Id.* at 1161.

The ALJ then found that Plaintiff had no past relevant work. *Id.* at 1176. But the ALJ concluded that Plaintiff was not disabled because her age, education, work experience, and RFC allowed her to perform jobs existing in significant numbers in the national economy. *Id.* at 1176–77. As such, according to the ALJ,

6

Plaintiff had not been under a disability since the date her application was filed. *Id.* at 1177.

## II.    PLAINTIFF'S ARGUMENT

Plaintiff argues that the ALJ erred in two ways. *See* Dkt. 10-1 at 12–18. First, Plaintiff argues that the ALJ failed to resolve an apparent conflict between vocational expert ("VE") testimony and Dictionary of Occupational Titles ("DOT") definitions. *Id.* at 12–14. Second, Plaintiff argues that the ALJ failed to reconcile the RFC with limitations in the opinion of Kevin Duffy, Psy.D. *Id.* at 14–18. As discussed below, Plaintiff's first argument has merit. As such, her motion is granted in part.

## III.    ANALYSIS

At step five, the Commissioner considers a claimant's RFC, age, education, and work experience "to see if [the claimant] can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v). In doing so, the Commissioner bears the burden of showing that, given those factors, there are a significant number of jobs in the national economy that the claimant can perform. *See id.* To make that showing, an ALJ may either "apply[] the Medical Vocational Guidelines" or "adduce[] the testimony of a [VE]." *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014).

If an ALJ chooses to rely on VE testimony, the ALJ "must be alert to the possibility of 'apparent unresolved conflict[s]' between th[at] testimony and the [DOT]." *Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 91 (2d Cir. 2019)

(quoting SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000)).  In this regard, an ALJ has an "independent, affirmative obligation . . . to undertake a meaningful investigatory effort to uncover apparent conflicts, beyond merely asking the [VE] if there is one." *Id.* at 94 (citation modified).  And in doing so, an ALJ must "elicit a reasonable explanation for [any such] conflict before relying on the [VE's testimony]." SSR 00-4p, 2000 WL 1898704, at *2.[4]

At the May 7, 2024, hearing, the ALJ adduced the testimony of a VE.  *See* Tr. 1382–96.  There, the ALJ provided the VE with Plaintiff's RFC, which restricted Plaintiff to, among other things, "[n]o overhead reach[ing] with the right arm." *Id.* at 1384.  The VE then testified that, given Plaintiff's RFC, Plaintiff could perform work as a routing clerk, carwash attendant, or small products assembler. *Id.* at 1387–88.  Plaintiff argues that this testimony conflicted with the DOT definitions of those jobs. *See* Dkt. 10-1 at 12.  The Court agrees.

The DOT describes the jobs of routing clerk, carwash attendant, and small products assembler as requiring reaching "[f]requently." *See Dictionary of Occupational Titles*, 222.687-022, 1991 WL 672133 (Jan. 1, 2016); *id.* at 915.667-010, 1991 WL 687869 (Jan. 1, 2016); *id.* at 706.684-022, 1991 WL 679050 (Jan. 1,

---

[4] Notably, on January 6, 2025, the Social Security Administration issued SSR 24-3p, "rescinding SSR 00-4p and [] no longer requir[ing] adjudicators to identify and resolve conflicts between occupational information provided by [vocational specialists] and [vocational experts] and information in the [DOT]." SSR 24-3p, 2024 WL 5256890, at *2 (Dec. 4, 2024).  Although this regulation does not apply retroactively, the regulation provides that, "[i]f a court . . . remands a case for further administrative proceedings after the applicable date of this SSR, [that court] will apply this SSR to the entire period at issue in the decision we make after the court's remand." *Id.* at n.1.

2016). And as the Second Circuit has explained, "[t]estimony that a claimant with overhead reaching limitations is capable of performing a job that the [DOT] describes as requiring 'reaching[]' . . . creates at least an *apparent* conflict that triggers the Commissioner's duty to elicit an explanation that would justify crediting the testimony." *Lockwood*, 914 F.3d at 92 (emphasis in original). That was the case here—the VE testified that Plaintiff, limited to no overhead reaching with the right upper extremity, could nonetheless perform work requiring frequent reaching. *See* Tr. 1384–90. That created an apparent conflict triggering the ALJ's duty to elicit a reasonable explanation from the VE. *See* SSR 00-4p, 2000 WL 1898704, at *2. The ALJ failed to do so here.

At the hearing, the ALJ appeared to recognize the conflict and asked the VE about it:

> ALJ: Some of the aspects . . . of the hypothetical that we discussed here today are not specific to or consistent with the DOT. Obviously, unilateral . . . limits on one extremity, overhead reaching[.] . . . How are you nonetheless able to reach your conclusions that these jobs would be available?
>
> VE: Yes, Judge[.] . . . The overhead reaching . . ., that's unique and different and not in the text of the DOT. I based my opinion and my testimony of th[at] outside the DOT term, Judge, in the context of this hearing on my training and experience in the world of work, so.

Tr. 1388–89. But the ALJ's inquiry stopped there.

The ALJ did not ask how Plaintiff could actually perform the jobs provided, nor did the VE explain why those jobs required no overhead reaching instead of the frequent reaching described in the DOT. *See id.* at 1382–96. And the explanation the VE did provide—that his testimony was "based . . . on [his] training and

experience in the world of work"—fell short of the reasonable explanation that the regulations require. *See id.* at 1389; *Robert A. B. v. Comm'r of Soc. Sec.*, 2024 WL 5054887, at *8 (W.D.N.Y. Dec. 10, 2024) ("[T]he [VE] was required to provide some 'explanation . . . as to whether those occupations actually require overhead reaching.'" (quoting *Lockwood*, 914 F.3d at 92)); *Matthew M. v. Comm'r of Soc. Sec.*, 2022 WL 3346949, at *4 (W.D.N.Y. Aug. 12, 2022) ("The VE testimony did not provide clarity as to how the limitations on overhead reaching were not a conflict with the degree of reaching required by the job, other than to rely on his professional experience."); *cf. Reilly v. Comm'r of Soc. Sec.*, 2022 WL 803316, at *2 (2d Cir. Mar. 17, 2022) (holding that an "explanation[] that included *an analysis based on* [the VE's] own expertise and labor market surveys" was sufficient to resolve an apparent conflict (emphasis added)).

In sum, the ALJ failed to resolve an apparent conflict between the VE's testimony and the DOT. That was error. *See Lockwood*, 914 F.3d at 94. And while that conflict may be "susceptible to easy resolution[,] . . . it is not [the Court's] role to speculate as to how or whether that conflict might have been resolved had the Commissioner carried out [his] responsibility to probe such matters." *Id.* Accordingly, the ALJ's step-five determination was not supported by substantial evidence, and remand is required. *See Gibbons v. Comm'r of Soc. Sec.*, 2023 WL 3830774, at *3 (2d Cir. June 6, 2023).[5]

---

[5] Because the Court has determined that remand for further administrative proceedings is necessary, the Court declines to reach the other issues raised by

Case 1:24-cv-00906-JLS Document 17 Filed 07/08/26 Page 11 of 11

## CONCLUSION

For the reasons stated above, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion for judgment on the pleadings (Dkt. 10), and **DENIES** the Commissioner's cross motion for judgment on the pleadings (Dkt. 14). The decision of the Commissioner is **VACATED**, and the matter is **REMANDED** for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:     July 8, 2026
           Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

Plaintiff in support of remand. *See, e.g., Beers v. Comm'r of Soc. Sec.*, 449 F. Supp. 3d 96, 103–04 (W.D.N.Y. Mar. 27, 2020).